UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:14-cr-00202

LAGRANT GREER.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant LaGrant Greer's Motion for Compassionate Release [Doc. 100]. Mr. Greer requests a modification of his sentence inasmuch as 30 days have elapsed from the transmission of his request to his Warden for compassionate release. Mr. Greer requests relief based on alleged conditions at his custodial facility and his heightened potential risk for COVID-19 due to his age and personal medical history.

I.

On November 14, 2014, Lagrant Greer pled guilty to one count of knowingly and intentionally distributing a quantity of heroin in violation of 21 U.S.C. § 841(a)(1). [Doc. 23]. Mr. Greer was sentenced to 151 months in prison with a three-year term of supervised release. [Doc. 38]. Mr. Greer is due for release from FCI Ashland on July 24, 2025. Following disposition, the Honorable Irene C. Berger observed as follows in her Judgment entered February 26, 2015:

> This is the Defendant's fifth adult felony conviction. He has multiple convictions for robbery and drug distribution. More troubling, he committed several of the offenses while on probation or parole. Although the record is not clear, it appears that he committed the 1989 offense of Possession with Intent to Deliver Cocaine while he was on parole and it is clear that he committed the 2013 offense of Possession with Intent to Distribute Heroin while on parole. Further, it is equally clear that he committed the instant 2014 offense of Distribution of Heroin while on probation from New Jersey for Possession with Intent to Distribute Heroin. In other

> words, he sold heroin while on probation for selling heroin.
>
> His previous criminal record and the instant offense indicate that he has not learned from previous mistakes. He has received multiple lengthy sentences of fifteen (15) years, twelve (12) years and ten (10) years. None of those sentences deterred the Defendant. The Court has considered that although he was given these sentences, he did not serve the full length of any of these sentences before being paroled. Parole will not be available on the current sentence. The Court has also considered his drug addiction and other traumatic events that have occurred during his lifetime.

[Doc. 39 at 5].

On May 20, 2020, Mr. Greer filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). [Doc. 100]. He seeks release for "extraordinary and compelling reasons," citing heightened risk for contracting COVID-19 due to his age and medical conditions. [*Id.* at 1]. Specifically, Mr. Greer bases his motion on his belief that due to his "Type II diabetes, high blood pressure, high cholesterol, and hypertension" he would be at risk of death at FCI Ashland where "overcrowded conditions" would "make it impossible for Mr. Greer to self-care and prevent his infection if and when the virus is found in the facility." [*Id.* at 2]. Mr. Greer alleges he presents no danger to the community and would serve the remainder of his sentence caring for his parents in their home. [*Id.* at 3; *see also* Doc. 124]. On July 1, 2020, the Court directed the Government to respond to Mr. Greer's Motion for Compassionate Release no later than July 8, 2020. [Doc. 106].

On July 8, 2020, the United States filed its response in opposition to Mr. Greer's Motion for Compassionate Release. [Doc. 107]. The United States responded that Mr. Greer's arguments should be rejected because he provided no medical records. [*Id.* at 12]. The United States contends that Mr. Greer's medical issues are well-controlled at present and there is no concern for his ability to self-care at the facility, as confirmed by the denial of his request for Reduction in Sentence filed with FCI Ashland. [*Id.* at 11–12 (discussing defendant's medical conditions), 7 (noting BOP denied his request to be placed on home confinement)]. The United

States also contends that FCI Ashland is "engaged in strenuous efforts to protect inmates against the spread of COVID-19." [*Id.* at 13]. Furthermore, the United States claims that Mr. Greer remains a threat to public safety and on three occasions has been written-up for rule violations at FCI Ashland, most recently on or about April 7, 2020, for possessing a hazardous tool. [*Id.* at 6].

In his reply entered on July 15, 2020, Mr. Greer re-alleges that the Pandemic is sufficiently extraordinary and compelling to warrant his release. [Doc. 108]. Mr. Greer also claims his efforts at rehabilitation through "[d]rug programs, anger management, and mental health programs" warrant a modification of his remaining sentence to home confinement. [*Id.* at 2].

On August 10, 2020, this Court entered an order denying Mr. Greer's request for compassionate release. [Doc. 110]. On August 21, 2020, Mr. Greer appealed that order. [Doc. 111]. On appeal, our Court of Appeals concluded that it could not meaningfully review the decision inasmuch as it could not discern "whether the court concluded that Greer failed to establish extraordinary and compelling reasons for release, that the § 3553(a) factors counseled against a sentence reduction, or both." [Doc. 119]. On January 29, 2021, the August 10, 2020, Order was vacated. [Doc. 120].

On February 11, 2021, Mr. Greer filed a Motion to Supplement the Record alleging he received a disparate sentence by being incorrectly designated as a career offender. [Doc. 122].[1] Mr. Greer claims he was improperly sentenced as a career offender using a predicate offense based on a conviction of mere possession of heroin. [*Id.* at 3]. Mr. Greer claims that the maximum sentence he should have received was 63 months. [*Id.* at 4]. Mr. Greer also renews his claim that his medical conditions offer sufficient reason to grant him compassionate release. [*Id.* at 6].

---

[1] The Court **GRANTS** Mr. Greer's Motion to Supplement the Record and considers the information therein. [**Doc. 122**]**.**

Finally, Mr. Greer notes that his criminal history was a result of his drug habit, which he broke while serving his current sentence. [*Id.* at 11].

## II.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) and now allows an incarcerated person to move the court for compassionate release. Specifically, "[t]he First Step Act removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). The defendant must first exhaust the administrative process established by the Bureau of Prisons or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must: (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). The United States Court of Appeals for the Fourth Circuit determined that district courts may take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *McCoy*, 981 F.3d at 286. As of the date of this order, the United States Sentencing Commission has not yet amended U.S.S.G. § 1B1.13 to address motions filed by defendants. *See United States v. Vaughn*, Criminal Action No. 5:08-00266, 2021 WL 136172, at *2 (S.D.W. Va. Jan. 13, 2021) (quoting *McCoy*, 981 F.3d at 282–83).

### III.

Upon careful review under 18 U.S.C. § 3582(c)(1)(A), and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Mr. Greer has not shown that relief is warranted. Mr. Greer's primary assertion concerns COVID-19 at FCI Ashland where he is housed. Mr. Greer contends that due to his age and his personal health history, he is at increased risk of serious complications from COVID-19. To the extent that his conditions may increase his vulnerability to health complications from COVID-19, the Court notes that the Bureau of Prisons ("BOP") has been operating under a modified operations plan to manage the risk of COVID-19 transmission within FCI Ashland. In addition, the BOP has begun the process of administering COVID-19 vaccines, the rate of vaccinations across the prison populations is increasing, and prisons are regaining a normalcy in operations. *See* BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 6, 2021).

Additionally, FCI Ashland, where Mr. Greer is incarcerated, is abiding by this plan and has made the required modifications to its operations including vaccinating prisoners, and the numbers are not of "extraordinary and compelling" concern. As of December 6, 2021, FCI Ashland reports having no active cases among inmates and only two active cases among staff. *Id.* While Mr. Greer's medical conditions do raise concerns regarding his susceptibility to COVID-19, in view of FCI Ashland's response to the Pandemic and the further analysis within, however, the Court finds Mr. Greer's asserted medical conditions and history insufficient to warrant release under the governing extraordinary and compelling standard.

Moreover, the applicable 18 U.S.C. § 3553(a) factors weigh strongly against Mr. Greer's release. Mr. Greer is scheduled to be released July 26, 2025, after he completes a 150-month term of imprisonment for knowingly and intentionally distributing a quantity of heroin. Mr.

Greer's actions and offender history have shown a clear disregard for the criminal justice system. At multiple times he has violated his probation. [Doc. 52 at 20–21 (sentencing transcript discussing previous offenses committed while on parole or probation)]. In addition to her written comments quoted heretofore, Judge Berger noted at sentencing that "[Defendant's] previous criminal record combined with this offense would indicate that there has been no deterrent effect." [*Id.* at 21].

In his Motion to Supplement the Record, Mr. Greer alleges he should not be considered a career offender. However, Mr. Greer pled guilty to three possession with intent to distribute charges before his conviction in the present case: possession with intent to deliver cocaine in New Jersey, [Doc. 40 at 8]; possession with intent to distribute marijuana in Georgia, [*id.* at 9]; and possession with intent to distribute heroin in New Jersey, [*id.* at 11]. Mr. Greer's additional conviction for possession of cocaine is unnecessary to his career offender status. Mr. Greer's criminal history is extensive, and beyond these charges includes a first degree robbery conviction. [*Id.* at 9]. Additionally, Mr. Greer has committed three infractions since his imprisonment at FCI Ashland. In sum, regardless of Mr. Greer's age and personal medical history, the § 3553(a) factors strongly counsel against release.

### IV.

For the foregoing reasons, the Court **DENIES** Defendant LaGrant Greer's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). [**Doc. 100**].

The Clerk is directed to send a copy of this written opinion and order forthwith to the Defendant and counsel of record in this matter.

ENTER: December 13, 2021



Frank W. Volk
United States District Judge